IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| YELLOWPAGES.COM LLC, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE |
| | ) | |
| v. | ) | NO. <u>1:13-cv-03311-CAP</u> |
| | ) | |
| YP ONLINE, LLC, | ) | DEMAND FOR JURY TRIAL |
| | ) | |
| Defendant. | ) | |
| | ) | |

## COMPLAINT

Plaintiff YellowPages.com LLC ("YP" or "Plaintiff") states the following

for its Complaint against Defendant YPonline, LLC ("Defendant").

## NATURE OF THIS ACTION

1.      YP owns and continuously has used the domain name

<www.yp.com> to provide, among other things, commercial information,

directories, advertising, and communication services over the Internet.  YP has

acquired trademark rights based on its use of YP, YP.COM, and a variety of marks

incorporating YP—including YPMOBILE, YPCLICKS!, and YPTV—and

Plaintiff owns numerous federal trademark registrations for these marks

(collectively, the "YP Marks").

2.      Over the years, YP prominently has used the YP Marks on its website

and in connection with online advertising and information database services, an example of which appears below.



3.     YP also prominently has used its YP Marks in connection with advertising and information database services provided through mobile device applications, accessible over the Internet and wireless networks.  Examples of this use are shown below.

 

4.      As a result of YP's longstanding use and extensive marketing, advertising, and promotional efforts over the years, consumers readily associate the YP Marks with YP.  This is especially true when the YP Marks are presented in yellow in connection with online or mobile advertising or information database services.

5.      Notwithstanding YP's strong prior rights, Defendant operates a website at <www.yponline.com>, shown below, which prominently features the same designation "YP," the same color yellow, and other similar indicia, which taken together, bear a strikingly similar resemblance to YP's website, <www.yp.com>.



6.     The services offered on Defendant's website are the very same directory and advertising services YP offers on its website.

7.     Defendant's use of the designation "YP"—alone and together with the color yellow along with other indicia from YP's website on Defendant's website for services identical to those offered by YP—is likely to cause, and in fact has caused, confusion and deception of consumers into believing that Defendant's website and services are associated or affiliated in some way with YP, when in fact they are not.

8.     Accordingly, YP brings this action for trademark infringement, false designation of origin, unfair competition, and cyberpiracy arising under Sections 32 and 43 of the Federal Trademark Act of 1946 (the "Lanham Act"), 15 U.S.C. §§ 1114, 1125; for deceptive trade practices under the Georgia Uniform Deceptive Trade Practices Act, O.C.G.A. § 10-1-370 *et seq.* (2007); and for unfair competition in violation of O.C.G.A. § 23-2-55 (2007) and the common law of Georgia.

## PARTIES

9.     Plaintiff YellowPages.com LLC is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business at 2247 Northlake Parkway, Tucker, Georgia 30084.  Plaintiff is the owner of the YP Marks and the domain name <www.yp.com> .  Through its website at <www.yp.com>, Plaintiff provides, among other things, commercial information, directories, advertising, and communications services over the Internet.

10.     Upon information and belief, Defendant YP Online, LLC is a limited liability company organized and existing under the laws of the State of Virginia, with its principal place of business at 1655 Fort Myer Drive, Suite 700, Arlington, Virginia 22209.

11.     Upon information and belief, Defendant provides directory and advertising services throughout Georgia via an interactive website located at <www.yponline.com>.   Attached as **Exhibit A** is a true and correct copy of Defendant's "About Us" page on its website, where Defendant describes itself, among other things, as "a leading online resource for finding information on local businesses and retailers" and as meeting "businesses['] need[s] to advertise online."

12.     Upon information and belief, Defendant has solicited, engaged in, or otherwise conducted business in Georgia and this judicial district.  True and correct copies of examples of listings on Defendant's website for Atlanta-area businesses are attached as **Exhibit B**.

## <u>JURISDICTION & VENUE</u>

13.     Subject matter jurisdiction exists under Section 39 of the Lanham Act, 15 U.S.C. § 1121, and under 28 U.S.C. §§ 1331 and 1338.  This Court has jurisdiction over YP's related state and common law claims under 28 U.S.C. § 1338 and 1367.  Subject matter jurisdiction also is proper under 28 U.S.C. § 1332.

14.     This Court has personal jurisdiction over Defendant because, upon information and belief, Defendant transacts business in this State, has committed tortious acts in this State, derives substantial revenue or engage in a persistent

6

course of conduct in the State and has committed a tortious act outside the State causing injury in the State, and/or has otherwise established contacts within this State making the exercise of personal jurisdiction proper.

15.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial portion of the events or omissions giving rise to the claim occurred in this District.

16.     Pursuant to LR 3.1(B)(2) and (3) of the U.S. District Court for the Northern District of Georgia, venue is proper in this Division because YP resides in this Division, and because a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this Division.

## FACTUAL BACKGROUND

### A.     YP and Its YP Marks

17.     Since and least as early as 2004, YP has continuously and exclusively used "YP" in connection with online advertising and wireless directory information services about websites, physical locations, and contact information for businesses and other establishments.

18.     YP's use includes a number of YP-formative marks, such as YPMOBILE, YPCLICKS!, YPTV, and YP.COM.  For example, since at least as early as 2004, YP has used YPCLICKS! for marketing and promotional services

through YP's online directory.  Similarly, since at least as early as 2007, YP has used YPMOBILE for online and wireless directory information services, including information about websites and physical locations of establishments, as well as mapping, navigation, and point-of-interest information.

19.     YP owns the domain name <www.yp.com> which is directed to <www.yellowpages.com>, a site YP and its predecessors in interest have operated for online directory information services since at least as early as 1996.

20.     YP is the largest local search, media, and advertising company in North America.  It has a sales force of thousands of local consultants who service approximately 600,000 advertisers throughout the United States.  YP has spent tens of millions of dollars promoting and marketing its goods and services under the YP Marks, and these marks have received substantial publicity throughout the United States.

21.     YP's website is extremely well-known in the United States and consistently has generated record levels of consumer traffic.  Together, YP's website and its top-rated YP mobile application have over fifty million unique visitors per month.  Upon visiting <www.yp.com> and the YP mobile application, consumers see YP's prominent and frequent use of the YP Marks.  True and correct copies of screenshots of YP's website are attached as **Exhibit C**.  True and

correct copies of screenshots of YP's mobile applications are attached as **Exhibit D**.

22.     YP's success and sweeping recognition among consumers has been acknowledged repeatedly by independent third parties.  For example, comScore has ranked <www.yp.com> a top-40 web domain in the United States, and PaidContent.org named YP among the top fifty digital media companies in the world.  True and correct copies of these accolades are attached as **Exhibit E**.

23.     Annually, YP generates billions of dollars in revenue under the YP Marks.

24.     As a result of YP's continuous and exclusive use of the YP Marks in commerce, YP has built tremendous goodwill in the YP Marks, and they are readily recognized throughout the United States as being associated exclusively with YP.

25.     YP owns valid and enforceable trademark and service mark rights in the YP Marks.  In recognition of these rights, the United States Patent and Trademark Office ("USPTO") has issued YP a number of registrations for the YP Marks, including:

| Trademark | Registration No. | Goods/Services |
|---|---|---|
|  | 3,947,963 | Providing advertisement services for others via a global computer network; electronic yellow page directory services, namely providing online and wireless directory information service about web sites and physical locations of establishments featuring hyperlinks to other web sites. |
|  | 4,400,504 | Providing  online non-downloadable publications that feature advertisements for the goods and services of others, namely, telephone directories in the fields of business, residential, commercial and government. |
| YPCLICKS! | 3,010,926 | Promoting the goods and service of others via an on-line directory. |
| YPMOBILE | 3,683,695 | Electronic yellow page directory services, namely, providing on-line and wireless directory information service about web sites and physical locations of establishments featuring hyperlinks to other web sites. |
| YPTV | 3,705,714 | Promoting on-line directory information services and advertising services via IPTV also featuring hyperlinks to other websites. |

True and correct copies of the certificates of registration for these registrations are attached as **Exhibit F**.

26.    YP's registrations are valid and subsisting in law, were duly and legally issued, and, pursuant to Sections 7(b) and 22 of the Lanham Act, 15 U.S.C.

§§ 1057(b) and 1072, are *prima facie* evidence of the validity of the marks registered and constitute constructive notice of YP's ownership of the YP Marks.

### B.   Defendant's Unlawful Conduct

27.    Notwithstanding YP's prior rights in the YP Marks, Defendant operates an interactive website at <www.yponline.com> that prominently features the designations "YP" and "YPonline," the same color yellow used by Plaintiff on its website, and other indicia and features similar to YP's website and mobile applications.  For example, Defendant's website mimics Plaintiff's website's placement of "YP" in the upper-left quadrant, search bars at the top of the page, and location of a central image surrounded by smaller images, stories, or news. Taken together, Defendants' use of "YP" in connection with these features and other indicia such as the "walking fingers" design bear a strikingly similar resemblance to Plaintiff's website <www.yp.com> and mobile applications.   True and correct copies of screenshots of Defendant's website are attached as **Exhibit G**.  A direct comparison of Defendant's website to YP's website is shown below.

## YP's Website



## YP Online's Website



28.     As shown above, and in Exhibits A, D, and G, the services offered on Defendant's website are identical to the directory and advertising services YP offers through its website and mobile device applications.

29.     Upon information and belief, at the time Defendant first adopted and commenced use of the designations "YP" and "YPonline," and the domain name <www.yponline.com>, it was fully aware of Plaintiff's YP Marks and of the preexisting and senior rights of YP in those marks.

30.     Defendant's continued and unauthorized use of confusingly similar imitations of Plaintiff's YP Marks has caused consumers to believe mistakenly that Defendant and/or its directory and advertising services are affiliated or associated with or are licensed or endorsed by YP, when that is not the case.

31.     Defendant's unauthorized use of confusingly similar imitations of the YP Marks has caused, is causing, and will continue to cause harm to YP's business, reputation, and goodwill.

32.     For example, on September 16, 2013, the Green Bay, Wisconsin Fox affiliate, WLUK Fox 11, issued a report about YP imposters that prominently featured Defendant's <www.yponline.com> website.  A true and correct copy of this report is attached as **Exhibit H**.

33.     Consistent with this report, YP has received communications from

consumers evidencing confusion between YP and Defendant or the parties'

respective websites and services.  A true and correct copy of an e-mail

memorializing some of these communications is attached as **Exhibit I**.

34.     Further, a Better Business Bureau complaint about the Defendant

dated September 18, 2013 complains of a fraudulent attempt by Defendant to

collect payment for an online listing that the complainant had not ordered.  A true

and correct copy of the Better Business Bureau's review of Defendant, which

identifies Defendant's e-mail address as cs@ypoline.com, along with the

September 18, 2013 complaint, is attached as **Exhibit J**.

35.     Defendant's continued and unauthorized use of confusingly similar

imitations of Plaintiff's YP Marks in connection with services identical to those

offered by YP creates a likelihood of consumer confusion as to the source,

sponsorship, or affiliation of Defendant's business and services with YP.

## FIRST CAUSE OF ACTION
### (Federal Trademark Infringement under 15 U.S.C. § 1125(a)(1)(A))

36.     YP repeats and incorporates by reference the allegations contained in

the foregoing paragraphs as if fully set forth herein.

37.     YP's use of its YP Marks pre-dates Defendant's first use of

confusingly similar imitations of the YP Marks and the domain name

<www.yponline.com>.

38.     By using, without authorization, confusingly similar imitations of Plaintiff's YP Marks, Defendant has created a likelihood that consumers and others in this District will be deceived or misled into believing that Defendant, its business, its services, or its website originate from, are sponsored or endorsed by, or are affiliated or associated with YP.

39.     Defendant's activities are in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114, and are causing, and unless enjoined by this Court will continue to cause, a likelihood of confusion and deception among members of the consuming public and, additionally, injury to YP's goodwill and reputation as symbolized by Plaintiff's YP Marks, for which YP has no adequate remedy at law.

40.     Defendant's activities demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with YP's federally registered YP Marks to the great and irreparable injury to YP.

41.     Defendant is causing, and is likely to cause, substantial injury to the consuming public and to YP, and YP is entitled to injunctive relief and to recover Defendant's profits, YP's actual damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1116 and 1117.

## SECOND CAUSE OF ACTION
### (Federal Unfair Competition and False Designation of Origin under 15 U.S.C. § 1125(a)(1)(A))

42.    YP repeats and incorporates by reference the allegations contained in the foregoing paragraphs as if fully set forth herein.

43.    Defendant has used and is using in commerce words, terms, names, symbols, devices, and combinations thereof, false designations of origin, false and misleading descriptions of fact, and false and misleading representations of fact, including "YP," "YPonline," and the domain name <www.yponline.com>, which are likely to cause confusion or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant or its business, services, or website with YP and its YP Marks.

44.    Defendant has used and is using in commerce words, terms, names, symbols, devices, and combinations thereof, false designations of origin, false and misleading descriptions of fact, including "YP," "YPonline," and the domain name <www.yponline.com>, which are likely to cause confusion, or to cause mistake, or to deceive as to the origin, sponsorship, or approval of Defendant or its business, services, or website with YP.

45.    Defendant's activities constitute unfair competition and are in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and are

causing, and unless enjoined by this Court will continue to cause, a likelihood of confusion and deception among members of the public and, additionally, injury to YP's goodwill and reputation as symbolized by the YP Marks, for which YP has no adequate remedy at law.

46.     Defendant's activities demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Plaintiff's YP Marks to the great and irreparable injury to YP.

47.     Defendant's conduct is causing, and is likely to cause, substantial injury to the consuming public and to YP, and YP is entitled to injunctive relief and to recover Defendant's profits, YP's actual damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1116 and 1117.

### THIRD CAUSE OF ACTION
**(Violation of the Anticybersquatting Consumer Protection Act
under 15 U.S.C. § 1125(d))**

48.     YP repeats and incorporates by reference the allegations contained in the foregoing paragraphs as if fully set forth herein.

49.     By registering and using the domain name <www.yponline.com>, Defendant has registered, trafficked in, and used a domain name that is confusingly similar to Plaintiff's YP Marks.

50.     Defendant registered the domain name <www.yponline.com> and has

17

used it with the intent to divert consumers from YP's website to Defendant's website accessible under a domain name that could harm the goodwill represented by Plaintiff's YP Marks.  Defendant registered the domain name <www.yponline.com> with the bad faith intent to profit by creating a likelihood of confusion as to source, sponsorship, affiliation, or endorsement of their website, and Defendant registered the infringing domain name with the bad faith intent to profit unlawfully from Plaintiff's YP Marks.

51.     Upon information and belief, Defendant is in fact deriving profit from the use of the domain name <www.yponline.com> and the consequent confusion of Internet users and consumers.

52.     Defendant's actions constitute cyberpiracy in violation of 15 U.S.C. § 1125(d).

53.     Defendant's unauthorized registration and use of the domain name <www.yponline.com> has caused, and unless enjoined, will continue to cause, irreparable injury to YP and to the goodwill associated with Plaintiff's YP Marks.

54.     Because Defendant's infringing conduct is causing and is likely to cause substantial injury to the public and to YP, YP is entitled to injunctive relief, and to recovery statutory damages under 15 U.S.C. § 1117(d) or Defendant's trebled profits, together with YP's costs and YP's reasonable attorneys' fees

18

pursuant to 15 U.S.C. § 1117(a).

## FOURTH CAUSE OF ACTION
### (Unfair Competition under O.C.G.A. § 23-2-55 and the Common Law of Georgia)

55.     YP repeats and incorporates by reference the allegations contained in the foregoing paragraphs as if fully set forth herein.

56.     Defendant's unauthorized use of colorable imitations of Plaintiff's YP Marks is likely to cause confusion, to cause mistake, or to deceive purchasers and customers as to the source, origin, affiliation, or sponsorship of Defendant, its website, and its advertising and directory services.  The consuming public is likely to believe Defendant, its website, and its advertising and directory services originate from, or are sponsored or affiliated with, the source of services bearing Plaintiff's YP Marks, and that Defendant's use of colorable imitations of Plaintiff's YP Marks is authorized when, in fact, Defendant has no such authorization.

57.     Upon information and believe, Defendant's unauthorized use of colorable imitations of Plaintiff's YP Marks has been intentionally, deliberately, willfully, and wantonly undertaken with a view and purpose of trading on and benefiting from the substantial reputation and goodwill associated with Plaintiff's YP Marks.

58.     Defendant's conduct constitutes unfair competition in violation of

O.C.G.A. § 23-2-55 and the common law of the State of Georgia.

1.      As a direct and proximate result of Defendant's unlawful conduct, as herein alleged, YP has suffered irreparable damage and inherently unquantifiable injury and harm to its businesses, reputation, and customer goodwill.  Such conduct has caused Defendant to achieve sales and profits to which it is not entitled.

2.      Defendant's conduct has caused substantial injury to the public and to YP, and YP is entitled to injunctive relief, Defendant's profits, and YP's actual damages, costs, and reasonable attorneys' fees.

3.      The acts of Defendant complained of herein showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care that would raise the presumption of conscious indifference to the consequences of those actions, and thus form a basis for punitive damages under O.C.G.A. § 51-12-5.1(b).

## PRAYER FOR RELIEF

WHEREFORE, YP prays that a judgment be entered:

1.      Permanently enjoining Defendant and all affiliated or related entities, agents, officers, employees, representatives, successors, assigns, attorneys, and all other persons acting for, with, by, through, or under authority from Defendant, or

in concert or participation with Defendant, pursuant to the powers granted to this Court by 15 U.S.C. § 1116 and relevant state statutes from:

    a.  using the name, mark, or designation "YP," "YPonline," the domain name <www.yponline.com>, and any other confusingly similar imitation of Plaintiff's YP Marks, in connection with Defendant's website, business, or services, including but not limited to the advertising of that business and use of the above-referenced names, marks, or designations with the phrase "formerly known as . . .";

    b.  using any trademark, service mark, name, logo, or source designation of any kind that is a copy, reproduction, colorable imitation, or simulation of or confusingly similar to, or in any way similar to, the trademarks, service marks, or logos, of YP, or is likely to cause confusion, mistake, deception, or public misunderstanding that Defendant's website, business, or services are the website, business, or services of YP, or are sponsored by or in any way related to YP.

    2.    Directing Defendant to surrender immediately and without financial encumbrance to YP the domain name <www.yponline.com> and any other domain name in Defendant's possession, custody, or control that incorporates the designation "YP," and to deliver up for destruction all labels, signs, packages,

receptacles, advertising, promotional materials or the like in the possession, custody, or control of Defendant that are found to adopt or infringe the YP Marks.

3.      Awarding YP its actual damages caused by Defendant's conduct, and that such award be trebled;

4.      Compelling Defendant to account to YP for any and all profits derived by Defendant under 15 U.S.C. § 1117, O.C.G.A. § 51-1-6, and the common law, and that such an accounting of profits be trebled;

5.      Awarding YP punitive damages pursuant to O.C.G.A. § 51-12-5.1 in light of Defendant's fraudulent, intentional, and willful intent to mislead, deceive, or confuse the public, and the need to deter Defendant from similar conduct in the future;

6.      Requiring Defendant to pay to YP the costs of this action and its reasonable attorneys' fees pursuant to 15 U.S.C. § 1117 and the state statutes cited in this Complaint;

7.      Awarding YP such other and further relief as the Court may deem just.

A jury trial is requested.

Date:   October 4, 2013

By: _____

**KILPATRICK TOWNSEND & STOCKTON LLP**
William H. Brewster (GA Bar No. 080422)
Charles H. Hooker III (GA Bar No. 375622)
James W. Faris Jr. (GA Bar No. 452293)
1100 Peachtree Street, Suite 2800
Atlanta, GA 30309
Telephone:  (404) 815-6500
Fax:  (404) 815-6555
E-Mail:      BBrewsterKilpatrickTownsend.com
                 CHooker@ KilpatrickTownsend.com
                 JFaris@ KilpatrickTownsend.com

*Attorneys for Plaintiff*